# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# DIVISION

ANNE RUSSELL, §
   *Plaintiff* §
 §
v.  §  Case No. 1:19-CV-1109-LY
 §
NEWREZ LLC D/B/A SHELLPOINT §
MORTGHATGE SERVICING AND §
MIKE HANLEY, §
   *Defendants* §

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
   UNITED STATES DISTRICT JUDGE

Before this Court is Defendant Shellpoint's Rule 12(c) Dismissal Motion, filed January 14, 2020 (Dkt. No. 6). Plaintiff did not file a Response. On November 18, 2019, the District Court referred the above case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

## I.  BACKGROUND

On March 23, 2016, Plaintiff Anne Russell obtained a home equity loan ("Loan") secured by a Deed of Trust from Home Financing Unlimited, Inc. d/b/a Advantage One Mortgage ("Advantage One") in the amount of $234,025.00 on residential property located at 7701 Rialto Boulevard, Unit 1236, Austin, Texas 78735 (the "Property"). See Dkt. No. 6-1.[1] The Loan was later transferred and assigned to NewRez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint"). Dkt. No. 6-2.

---

[1] Shellpoint's Motion to Dismiss erroneously refers to the Property as 9206 Prairie Trails Drive, Spring, Texas. Dkt. No. 6 at p. 1.

After Plaintiff defaulted on the Loan by failing to make the monthly payments, Shellpoint notified Plaintiff that the Property would be foreclosed on and sold on November 5, 2019. The day of the foreclosure sale, Plaintiff filed this lawsuit and application for temporary restraining order ("TRO") in state court to stop foreclosure of the Property. *See Russell v. NewRez LLC*, Cause No. D-1-GN-19-007657 (98th Dist. Ct., Travis County, Tex. Nov. 5, 2019). Plaintiff named as defendants Shellpoint and Mike Hanley,[2] a Texas attorney who allegedly was named as a trustee on the Deed of Trust (collectively, "Defendants").

Plaintiff alleges that the Deed of Trust gives her "the right to pay off the loan, even after default," and that she plans to pay off the Loan "through a private sale" of the Property. Dkt. No. 1-2 at ¶ 18. Plaintiff alleges that Defendants "promised to allow Plaintiff to pay off the loan," but "have refused to allow time for Plaintiff to perform this due diligence." *Id.* at ¶ 22. Plaintiff's Original Petition alleges wrongful foreclosure, breach of contract, and promissory estoppel, and seeks specific performance and injunctive relief to stop the foreclosure. The state court granted Plaintiff's TRO, and the foreclosure sale did not occur.

On November 14, 2019, Shellpoint removed this case to federal court on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441(a). In the Notice of Removal, Shellpoint argues that Defendant Hanley was fraudulently joined to defeat diversity jurisdiction, and that Plaintiff cannot demonstrate any right to recover against him in this case.

On January 14, 2020, Shellpoint filed this Motion, arguing that Plaintiff's lawsuit should be dismissed because all of Plaintiff's claims fail to state a plausible claim for relief.

---

[2] Plaintiff names Mike Hanley as the Trustee-Defendant in this case. However, the Deed of Trust before the Court lists "Michael Burns" as the Trustee. *See* Dkt. No. 6-1 at p. 2. It is unclear if Mr. Hanley was a later-assigned trustee on the Loan. Because both Parties refer to the Trustee-Defendant as Mike Hanley, the Court will do so as well.

## II. LEGAL STANDARD

"The standard for Rule 12(c) motions for judgment on the pleadings is identical to the standard for Rule 12(b)(6) motions to dismiss for failure to state a claim." *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019) (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up). The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## III. ANALYSIS

Shellpoint argues that Plaintiff's lawsuit should be dismissed because all of Plaintiff's claims against it fail to state a plausible claim for relief. Shellpoint also argues that Defendant Hanley should be dismissed because Plaintiff has failed to allege any wrongdoing against him in his individual capacity.

As noted, Plaintiff failed to respond to Shellpoint's Motion. Pursuant to Local Rule CV-7(e)(2), if no response to a motion is filed within the time period prescribed by the rule – here, 14 days – the court may grant the motion as unopposed. The Court, however, will address the merits of the Motion because dismissing a case other than on the merits of the claims is disfavored.

### A. Defendant Hanley

The federal courts may exercise diversity jurisdiction over a civil action between citizens of different States if the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). An out-of-state defendant generally may remove a case filed in state court to a federal district court if the parties are diverse, the amount in controversy requirement is met, and none "of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* § 1441(a)-(b). As the Fifth Circuit Court of Appeals has explained:

> Ordinarily, diversity jurisdiction requires complete diversity—if any plaintiff is a citizen of the same State as any defendant, then diversity jurisdiction does not exist. However, if the plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant.
>
> . . .
>
> . . . [A] non-diverse party is improperly joined if the plaintiff is unable to establish a cause of action against the non-diverse party in state court. Thus, the test for improper joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant. . . .

> In most cases, to determine whether the plaintiff has any possibility of recovery against the non-diverse defendant, the court should conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder.

*Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (cleaned up).

It has long been established that removal jurisdiction is determined on the basis of the complaint at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264-65 (5th Cir. 1995) (recognizing that removal jurisdiction is determined on the basis of the complaint at the time of removal); *see also Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 569-70 (2004) (recognizing the general rule that, for purposes of determining the existence of diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they existed at the time of filing); *Freeport-McMoRan, Inc. v. KN Energy, Inc.*, 498 U.S. 426, 428 (1991). Thus, the Court must examine the Plaintiff's Original Petition to determine whether there is any possibility of recovery against Hanley. *See Flagg*, 819 F.3d at 137.

While Plaintiff names Hanley as a party, Plaintiff fails to allege that Hanley committed any wrongdoing. District courts in this district routinely disregard the citizenship of trustees in foreclosure cases when the underlying complaint alleges no wrongdoing by the trustees. *See Guerra v. Wells Fargo Bank*, 2015 WL 9451083, at *3 (W.D. Tex. Dec. 21, 2015) (finding that plaintiff lacked any possibility of prevailing on her claim against the trustees and holding that they had been improperly joined); *Klein v. Wells Fargo Bank, N.A.*, 2014 WL 1342869, at *3 (W.D. Tex. Apr. 3, 2014) (ignoring trustee's citizenship and finding trustee was improperly joined where petition contained no allegations against trustee individually); *Eisenberg v. Deutsche Bank Trust Co. Americas*, 2011 WL 2636135, at *2 (W.D. Tex. July 5, 2011) (holding that trustee did not defeat diversity jurisdiction where trustee was named solely to prevent foreclosure, no

foreclosure sale had occurred, and there was no allegation of any wrongdoing by trustee). Because Plaintiff has failed to make any allegation against Hanley in his individual capacity, the Court finds that Hanley was improperly joined as a Defendant.

Even if the Complaint could be construed as stating a claim against Hanley for breach of his fiduciary duty, there is no possibility that Plaintiff could recover against him on that basis. Under Texas law, a trustee owes "neither a fiduciary duty nor a duty of good faith and fair dealing to the mortgagor." *Marsh v. Wells Fargo Bank, N.A.*, 760 F. Supp. 2d 701, 708 (N.D. Tex. 2011) (citing *FDIC v. Myers*, 955 F.2d 348, 350 (5th Cir. 1992)); *see also Morgan v. Chase Home Fin., LLC*, 306 F. App'x 49, 53 (5th Cir. 2008) ("As the district court correctly noted, under Texas law 'the trustee . . . does not owe a fiduciary duty to the mortgagor.'") (quoting *Stephenson v. LeBoeuf*, 16 S.W.3d 829, 838 (Tex. App.–Houston [14th Dist.] 2000, pet. denied); *Seeberger Bank of Am., N.A. Ventures Tr. 2013 I.H.R. v. Seeberger*, 2015 WL 9200878, at *21 (W.D. Tex. Dec. 16, 2015) ("The relationship between a trustee and a mortgagor is not a fiduciary one either.").

Section 51.0074(b)(2) of the Texas Property Code specifically provides that a trustee may not be "held to the obligations of a fiduciary of the mortgagor or mortgagee." The Code, moreover, insulates trustees from liability for "any good faith error resulting from reliance on any information in law or fact provided by the mortgagor or mortgagee or their respective attorney, agent, or representative or other third party." *Id.* at § 51.007(f). Accordingly, any potential breach of fiduciary duty claim against Hanley fails to state a claim for relief under Rule 12(b)(6). *See Seeberger*, 2015 WL 9200878, at *21 (dismissing breach of fiduciary duty claims against trustee on deed of trust).

Based on the foregoing, the Court concludes that Plaintiff lacks any possibility of prevailing on her claim against Hanley and finds that he has been improperly joined. Hanley therefore should

6

be dismissed from this case. *See Flagg*, 819 F.3d at 136 (noting that "if the plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant").

## B. Wrongful Foreclosure

Plaintiff alleges a common-law wrongful foreclosure claim against Shellpoint. Under Texas law, "[a] claim for wrongful foreclosure requires that the property in question be sold at a foreclosure sale." *Marsh*, 760 F. Supp. 2d at 708; *see also Allied Capital Corp. v. Cravens*, 67 S.W.3d 486, 492 (Tex. App.—Corpus Christi 2002, no pet.). Thus, "[a] claim of wrongful foreclosure cannot succeed . . . when no foreclosure has occurred." *Foster v. Deutsche Bank Nat'l Tr. Co.*, 848 F.3d 403, 406 (5th Cir. 2017); *see also Suarez v. U.S. Bank Tr. Nat'l Ass'n*, 2019 WL 1048854, at *7 (W.D. Tex. Mar. 4, 2019) ("In other words, in Texas, there is no cause of action for an attempted wrongful foreclosure."), *report and recommendation adopted*, 2019 WL 2565268 (W.D. Tex. Apr. 12, 2019). Accordingly, Plaintiff fails to state a claim for wrongful foreclosure because no foreclosure sale has occurred. *See id.* ("It is undisputed that, even though Defendant commenced foreclosure proceedings, Plaintiff never lost possession of the Property. As Plaintiff never lost possession of the Property, he seeks damages for an attempted wrongful foreclosure—an action not recognized in Texas."). Accordingly, Plaintiff's wrongful foreclosure claim should be dismissed.

## C. Breach of Contract

In addition, Plaintiff alleges that Shellpoint breached the Deed of Trust by "refusing to allow time for Plaintiff to sell the property. . . through a private sale" and pay off the Loan. Dkt. No. 1-2 at p. 4. To state a breach of contract claim under Texas law, Plaintiff must demonstrate the following elements: (1) the existence of a valid contract; (2) performance or tendered performance

7

by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff as a result of the defendant's breach. *Williams v. Wells Fargo Bank, N.A.*, 884 F.3d 239, 244 (5th Cir. 2018). To properly plead a claim based on breach of the Deed of Trust, Plaintiff also must point to a specific provision in the contract that was breached by the Defendant. *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014); *Doe 12 v. Baylor Univ.*, 336 F. Supp. 3d 763, 789 (W.D. Tex. 2018); *Watson v. Citimortgage, Inc.*, 814 F. Supp. 2d 726, 732 (E.D. Tex. 2011). Plaintiff's pleadings fail to identify which provision of the Deed of Trust Shellpoint allegedly breached, and the Court is unable to identify any provision that grants the borrower an indefinite amount of time to sell the property through a private sale in order to cure any default. Accordingly, Plaintiff fails to state a claim for breach of contract.

Even if Plaintiff had alleged sufficient facts to show that Shellpoint breached the Deed of Trust, her breach of contract claim would fail because she has failed to allege that she suffered any actual damages as a result of the alleged breach of contract. As noted, because Plaintiff's Property has not been foreclosed, she cannot rely on any alleged damages due to a foreclosure. *See De La Mora v. CitiMortgage, Inc.*, 2015 WL 12803712, at *2 (S.D. Tex. Jan. 26, 2015) ("Plaintiff cannot show damages resulting from any such breach because no foreclosure sale has occurred."). To the extent that Plaintiff asserts that she suffered damages in the form of attorneys' fees, such a claim does not constitute actual damages sufficient to sustain a breach of contract claim. *See Vianet Grp. PLC v. Tap Acquisition*, 2016 WL 4368302, at *9 (N.D. Tex. Aug. 16, 2016) (concluding that the Supreme Court of Texas would not characterize attorneys' fees as damages "if they were subsequently incurred from prosecuting a breach of contract claim"). Because Plaintiff has not alleged that she suffered actual damages as a result of Shellpoint's asserted breach of the Deed of Trust, Plaintiff's breach of contract claim should be dismissed.

**D. Promissory Estoppel**

Plaintiff also alleges that Defendants should be estopped from foreclosing on the Property because "Defendants promised to allow Plaintiff to pay off the loan, and Plaintiff relied upon this promise." Dkt. No. 1-2 at ¶ 22. Shellpoint argues that Plaintiff's promissory estoppel claim is barred by the statute of frauds. The Court agrees.

Under Texas law, a "loan agreement in which the amount involved in the loan agreement exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative." TEX. BUS. & COM. CODE § 26.02(b). The term "loan agreement" includes any agreement or promise where a financial institution "loans or delays repayment of or agrees to loan or delay repayment of money, goods, or other things of value or to otherwise extend credit or make a financial accommodation." *Id.* § 26.02(a)(2). Thus "[a] loan agreement for more than $50,000 is not enforceable unless it is in writing." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013) (citing § 26.02(b)). A promise to postpone foreclosure during a potential loan modification review process as alleged by Plaintiff likewise is subject to the statute of frauds. *See Milton v. U.S. Bank Nat'l Ass'n*, 508 F. App'x 326, 328-29 (5th Cir. 2013); *Stolts v. Wells Fargo Bank, NA*, 31 F. Supp. 3d 876, 881 n.3 (S.D. Tex. 2014) ("Even if Plaintiff had pleaded an implied promise by Well Fargo not to foreclose while considering the loan modification . . . such a promise would be subject to the Statute of Frauds since it would modify the underlying mortgage agreement's foreclosure terms. Modifications to mortgages exceeding $50,000 are subject to the statute of frauds . . . .").

Here, the alleged oral agreement that Shellpoint would forgo foreclosure to permit Plaintiff to sell her Property is unenforceable under the statute of frauds because such an agreement would have altered the terms of the parties' written loan agreement, which exceeded $50,000 in value. Plaintiff has not alleged a written loan modification agreement incorporating the new terms that

satisfy the statute of frauds. *See Scott v. Bank of Am., N.A.*, 597 F. App'x 223, 225 (5th Cir. 2014) ("To satisfy the statute of frauds in Texas, a writing . . . 'must be complete within itself in every material detail and contain all of the essential elements of the agreement.'") (quoting *Sterrett v. Jacobs*, 118 S.W.3d 877, 879-80 (Tex. App.–Texarkana 2003, pet. denied)). The statute of frauds bars Plaintiff from enforcing an alleged oral agreement to delay foreclosure, and her claim fails as a matter of law.

**E. Conclusion**

The Court finds that Shellpoint's Motion to Dismiss should be granted because Plaintiff has failed to state a claim to relief that is "plausible on its face." *Ashcroft,* 556 U.S. at 678.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendant Shellpoint's Rule 12(c) Dismissal Motion (Dkt. No. 6) and **DISMISS** Plaintiff's lawsuit in its entirety. **IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Lee Yeakel.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C.

§ 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on February 24, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE